UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TICHINEA MEMET SALAMI #879045,

    Plaintiff,

v.

DEMOCRATIC PEOPLE'S REPUBLIC OF KOREA,

    Defendant.

_____/

Case No. 1:24-cv-360

Hon. Robert J. Jonker

## OPINION REGARDING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, filed this action on April 8, 2024 against the Democratic People's Republic of Korea (North Korea), alleging that on or around July 3, 2021, Plaintiff was a victim of torture inflicted by officials at the North Korean embassy in Mexico City, Mexico.[1]  (ECF No. 1).  Plaintiff asserts this claim under the terrorism/torture exception under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A.

On April 26, 2024, Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  (ECF No. 7).  Based upon its subsequent review of Plaintiff's litigation history, however, the Court notes that Plaintiff has filed at least three lawsuits that were dismissed as

---

[1] Plaintiff filed this action under the name Tichinea Memet Salami, but the legally correct name is Michael Mohamed Salami. See https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=879045 (last visited Apr. 30, 2024).  In addition, in previous filings in this district and the Eastern District of Michigan, Plaintiff identified as female.  *See, e.g.*, *Salami v. Barton*, No. 1:20-cv-1245, 2021 WL 1439173, at *1 n.2 (W.D. Mich. Apr. 16, 2021); *Salami v. Gateway Found., Inc.*, No. 19-11683, 2020 WL 5107495, at *1 n.1 (E.D. Mich. Aug. 10, 2020). In this case Plaintiff uses male pronouns. The Court will avoid using any pronouns and simply reference Plaintiff by last name, prisoner number, or simply as "Plaintiff."

frivolous, malicious or for failure to state a claim. Plaintiff is therefore barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Accordingly, the Court will vacate the prior order granting Plaintiff leave to proceed *in forma pauperis* and order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The

---

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Hampton*, 106 F.3d at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).  Moreover, as pertinent here, "the plain language of that statute does not limit itself to [prison conditions] litigation, nor does it provide any exception." *Woodruff v. Wyoming*, 49 F. App'x 199, 203 (10th Cir. 2002); *see also United States v. Jones*, 215 F.3d 467, 469 (4th Cir. 2000) ("Although we are aware that Congress primarily targeted prisoner civil rights cases in enacting the filing fee provision of the PLRA, *see Smith v. Angelone*, 111 F.3d 1126, 1130 (4th Cir.1997), the text of the Act is not limited to such actions."); *Williams v. Meyer*, No. 16-14194, 2018 WL 10419342, at *2 (E.D. Mich. June 19, 2018) (same).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least four of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim.  *See Salami v Niemiec et al.*, No. 1:20-cv-1100 (W.D.

Mich. Mar. 18, 2021); *Salami v. Winn et al.*, No. 3:19-cv-11568 (E.D. Mich. May 31, 2019); *Salami v. Michigan State Police Forensic Science Laboratory et al.*, No. 219-cv-10215 (E.D. Mich. Mar. 1, 2019); *Salami v. Michigan State Police Forensic Science Laboratory et al.*, No. 2:18-cv-13282 (E.D. Mich. Feb. 5, 2019).

Plaintiff also has been denied leave to proceed *in forma pauperis* on the basis of the three-strikes rule in numerous cases. *See, e.g.*, *Salami v. Washington et al.*, No. 1:22-cv-174 (W.D. Mich. Aug. 26, 2022); *Salami v. Washington*, No. 2:19-cv-12064 (E.D. Mich. Jul. 19, 2019); *Salami v. Girard et al.*, No. 2:19-cv-11918 (E.D. Mich. Jul. 25, 2019); *Salami v. Valade et al.*, No. 2:19-cv-11929 (E.D. Mich. Jul.12, 2019);

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).  A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints.  *Id*.  Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time they filed the complaint, but the prisoner need not affirmatively prove those allegations.  *Id.*

Here, Plaintiff alleges that North Korean officials tortured Plaintiff in July 2021.  Because Plaintiff is currently incarcerated with the MDOC at the Ionia Correctional Facility, there is no plausible basis for concluding that Plaintiff continues to face a real possibility of torture by the same officials, nor does Plaintiff assert any other basis for application of the "imminent danger" exception.

Therefore, because § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action, the Court will vacate the April 26, 2024 Order granting Plaintiff leave to proceed *in forma pauperis*.  Plaintiff has twenty-eight (28) days from the date of entry of this Order to pay the civil action filing fees, which total $402.00.  When Plaintiff pays the filing fees, the Court will screen the Complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated: May 2, 2024　　　　　　　　　　　　　　　/s/ Robert J. Jonker
　　　　　　　　　　　　　　　　　　　　　　　ROBERT J. JONKER
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503
**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**